Natalia Margarita ZAPICO–
DELGADO, etc.,
Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74321.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2010.

Filed Dec. 22, 2010.

Stephen John Coghlan, Esquire, Law Office of Stephen Coghlan, San Francisco, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Julie M. Iversen, Trial, OIL, Jonathan Aaron Robbins, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE,* District Judge.

* The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM **

We deny the petition for review. In 2009 the United States Supreme Court decided the case of *Nijhawan v. Holder*, — U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), and held that, when evaluating offenses under 8 U.S.C. § 1101(a)(43)(M)(i), courts should treat the references to "victim or victims" and a monetary loss in excess of $10,000 "not . . . [as] an element of the fraud or deceit crime," but as "refer[ences] to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion." *Id.* at 2297–98. In determining whether these circumstances were present in a particular case, the Court also indicated that the decisionmaker would not be limited to reviewing the record of conviction, but could also consider a restitution order. *Id.* at 2303. Here, *Nijhawan* is controlling. The Board of Immigration Appeals did not err in affirming the Immigration Judge's reliance on the order of restitution to find that Petitioner's conviction for unlawful use of means of identification, in violation of 18 U.S.C. § 1028(a)(7), constituted an aggravated felony conviction under 8 U.S.C. § 1101(a)(43)(M)(i). Therefore, we lack jurisdiction to review Petitioner's final order of removal. 8 U.S.C. § 1252(a)(2)(C).

**DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.